**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ENERFO PTE LTD.,

        Petitioner,

v.                                                                     Case No:   6:26-cv-55-GAP-NWH

AA7 FOODS AND BEVERAGES LLC,

        Respondent.

_____

**ORDER TO SHOW CAUSE**

This matter came before the Court on Respondent's Response (Doc. 30) to the

Court's Order to Show Cause ("OSC") dated May 13, 2026 (Doc. 28).

On May 13, 2026, this Court entered an Order confirming an international

arbitration award (the "Award") issued in a proceeding that was conducted

between the parties before the Refined Sugar Association ("RSA") in London,

England. Doc. 28; *see also* Doc. 1-2. That Order also denied Respondent's Counter-

Petition to vacate the Award, finding that it was time-barred under the Federal

Arbitration Act ("FAA"). *Id.* at 7-8.

In support of its Counter-Petition, Respondent had asserted that there was no

record evidence that it had received the Award before January 29, 2026, the date it

was served in this action. *See* Doc. 24 at 5-6. Respondent maintained that, because

service did not occur until that date, it was not required to seek vacatur before April 29, 2026, and its Counter-Petition was therefore timely. *Id.* at 6.

In response, Petitioner submitted evidence showing that Respondent had received the Award on October 30, 2025.[1] *See* Doc. 27-1. It submitted a copy of an email which showed that the RSA had sent a signed copy of the Award on October 30, 2025 to all parties, including Respondent. *Id.* Petitioner also contended that Rule 4 of the RSA's Rules Relating to Arbitration ("RSA Rules") expressly authorized email service of all notices and documents, and that Respondent had agreed to email communication in the arbitration when it designated aa7@aa7foods.com as its notice address in the parties' contract (*see* Doc. 27 at 4; *see also* Doc. 20-1, ¶ 21), which was the same address that RSA used when it emailed the Award (*see* Doc. 27-1).

As a result, on May 13, 2026, this Court found that Respondent's Counter-Petition was time-barred because the record was "clear that the Award was delivered on October 30, 2025."[2] Doc. 28 at 8. It also issued the OSC as to

---

[1] Petitioner responded to Respondent's arguments in a Reply, for which Petitioner sought leave to file on April 28, 2026. Doc. 25. The Court granted Petitioner's relief on April 29, 2026 (Doc. 26) but inadvertently missed that Petitioner had failed to confer with Respondent (*see* Doc. 30-1, ¶¶ 10-11) as required by Local Rule 3.01(g) (*see* Doc. 25).

[2] Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

Respondent's counsel why sanctions under Federal Rule of Civil Procedure ("Rule") 11 or 28 U.S.C. § 1927 should not issue for the disingenuous and vexatious claim that Respondent had not received the Award before January 29, 2026. Doc. 28 at 10.

On May 21, 2026, Respondent's counsel filed his Response to the Court's OSC. Doc. 30. He asserts that Petitioner misrepresented to this Court the language of RSA Rule 4, noting that Rule 4 states that, for email delivery of notices and documents to be effective, the notice or document must also be sent to the parties through another channel, *i.e.*, courier or telex.[3] *Id.* at 4-6. In turn, he maintains that, because Petitioner has still provided no evidence that the Award was served by means other than email, the record remains insufficient as to the Award's delivery. *Id.* He further contends that, had he been provided a copy of the October 30, 2025 email by either Petitioner or his client, he would have also reframed his argument.[4] *Id.* at 7, 9.

---

[3] In its entirety, Rule 4 of the RSA Rules provides:

> Any notice, document or other correspondence to be served on any party in connection with an arbitration under these Rules may be effected either by (a) courier, (b) first class post, (c) post in a registered letter, (d) telex, (e) facsimile or (f) electronic mail in each case to the usual or last known address or place of business of any party. In the case of a facsimile or electronic mail message such notice, document or correspondence shall also be served in accordance with one of the provisions under (a) to (d) above.

Doc. 24-2 at 6.

[4] In a sworn declaration attached to the Response, Alexandre Santos, Respondent's

Accordingly, it is **ORDERED** that Petitioner's counsel shall **SHOW CAUSE in writing by June 18, 2026**:

1. why this Court should not vacate its Order confirming the Award (Doc. 28); and

2. why they should not be sanctioned under Rule 11 or 28 U.S.C. § 1927 for misrepresenting the language of RSA Rule 4 concerning service.

**DONE** and **ORDERED** in Orlando, Florida on June 8, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

owner, represents that he does not recall receiving the October 30, 2025 email, and that he did not send a copy of that email to counsel. *See* Doc. 30-2, ¶¶ 4-5.

- 4 -