**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ENERFO PTE LTD.,

        Petitioner,

v.                                Case No:   6:26-cv-00055-GAP-NWH

AA7 FOODS AND BEVERAGES LLC,

        Respondent.

**ORDER**

This matter is before the Court on Petitioner's Motion for Sanctions. Doc. 23 at 6-7. The Court also considered Respondent's Response in Opposition and Petitioner's Reply. Doc. 24 at 15-17; Doc. 27 at 7-8. For the reasons set forth below, the Motion will be granted.

**I.     Background**

On January 9, 2026, Petitioner Enerfo PTE Ltd. ("Petitioner") commenced this action against Respondent AA7 Foods and Beverages, LLC ("Respondent") by filing a Petition ("Petition") to confirm an international arbitration award (the "Award") pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 21 U.S.T. 2517, as implemented by 9 U.S.C. § 207. Doc. 1. The Award arose from arbitration

proceedings before the Refined Sugar Association ("RSA") in London, England, and was entered in Petitioner's favor. *See* Doc. 1-2.

On March 5, 2026, Respondent filed a Counter-Petition to Vacate the Award ("Counter-Petition"). Doc. 20. In the Counter-Petition, Respondent merely recited the legal grounds for vacatur under Article V of the New York Convention and the Federal Arbitration Act ("FAA") and failed to allege any facts in support of its contentions. *See generally id.*

On March 30, 2026, Petitioner responded to the Counter-Petition and filed the instant Motion for Sanctions.[1] Doc. 23 at 6-7. Petitioner seeks sanctions pursuant to *B.L. Harbert International, LLC v. Hercules Steel Company*, 441 F.3d 905 (11th Cir. 2006), *abrogated on other grounds by Frazier v. CitiFinancial Corporation, LLC*, 604 F.3d 1313 (11th Cir. 2010). *See* Doc. 23 at 6-7. Specifically, Petitioner contends that, because the Counter-Petition was untimely and lacked any arguable basis in fact or law, it is entitled to recover attorney's fees and costs. *See id.*

On April 20, 2026, Respondent filed its Response in Opposition. Doc. 24. It argued that the Counter-Petition was neither frivolous nor baseless, noting that

---

[1] Although Petitioner did not file the Motion for Sanctions as a separate motion for affirmative relief as instructed by the Court (*see* Doc. 22 at 2, n.1), the Court nevertheless construed Petitioner's submission as including such a motion given that the matter had been fully briefed (*see* Doc. 28 at 1, n.1).

- 2 -

because there was no record evidence that it had received the Award before the date it was served in this action, *i.e.*, January 29, 2026, its argument that it was not required to file the Counter-Petition until April 29, 2026 was supported by case law. *See generally id.*

On May 5, 2026, Petitioner filed a Reply. Doc. 27. It submitted evidence showing that, on October 30, 2025, the RSA emailed all parties, including Respondent, a signed copy of the Award (*see* Doc. 27-1 at 5-7), and contended that, under Rule 4 of the RSA's Rules Relating to Arbitration ("RSA Rules"), the Award was deemed delivered (*see* Doc. 27 at 3-4; Doc. 27-1, ¶¶ 4-5). It further maintained that, under binding precedent, its request for fees was well-founded. *See* Doc. 27 at 7-8. The matter is now ripe for adjudication.

## II. Legal Standard

In *Hercules Steel*, the Eleventh Circuit recognized that "[w]hen a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken." 441 F.3d at 913. To protect "the purposes of the pro-arbitration policy of the FAA" and "protect arbitration as a remedy," the court held that "if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions." *Id.* at 913-14.

- 3 -

Put simply, the *Hercules Steel* standard is a strict one. It reserves sanctions for those rare cases in which a party attacks an arbitration award without any objectively reasonable legal basis.

### III. Analysis

This case presents the rare circumstance in which sanctions are warranted under *Hercules Steel*. Respondent attacked the Award without any objectively reasonable legal basis. From the outset, the Counter-Petition merely recited the legal grounds for vacatur under Article V of the New York Convention and the FAA without alleging any supporting facts. *See generally* Doc. 24. The Counter-Petition's deficiency became even more apparent once Petitioner produced evidence establishing the Award's delivery and Respondent failed to offer competent evidence to the contrary.

Respondent first attempted to cure the Counter-Petition's deficiency in its Response in Opposition. *See* Doc. 24. There, it argued that, because the record contained no evidence that it received the Award before January 29, 2026—the date it was served in this action—the FAA's three-month limitations period did not begin to run until that date. *See id.* at 5-6.; *see also* 9 U.S.C. § 12. Accordingly, Respondent maintained that the Counter-Petition was timely. *See* Doc. 24 at 5-6.

However, Respondent's position quickly unraveled. Petitioner subsequently submitted evidence showing that, on October 30, 2025, the RSA emailed all parties,

- 4 -

including Respondent, a signed copy of the Award. *See* Doc. 27-1 at 5-7. In response, Mr. Alexander Santos, Respondent's owner, simply affirmed that he "did not recall receiving the . . . Award to that email." Doc. 30-2, ¶¶ 3-4. Indeed, his declaration did not state whether he searched his inbox for that email or whether he received it. *See generally id.*; *see also* Doc. 32 at 10. Nevertheless, Respondent maintained that, because Petitioner had not established service by a method other than email, the record remained insufficient as to the Award's delivery.[2] Doc. 30 at 4-6.

But that argument fared no better. Petitioner subsequently submitted a declaration from Mr. Robert Coles, the RSA Secretary and sender of the Award, affirming that he "never received any notice that e-mails sent to [Respondent's] email address were undeliverable or rejected." Doc. 32-3 at 5. Petitioner also submitted proof of delivery for the parcel delivering the hard copy of the Award, which was signed as received at Respondent's address. *See id.* at 21.

In short, Respondent persisted in challenging the Award despite the absence of any objectively reasonable factual or legal basis for doing so. This is precisely the type of post-arbitration proceeding the Eleventh Circuit sought to discourage in

---

[2] Respondent raised this issue because Rule 4 of the RSA Rules, which govern the dispute here (*see* Doc. 20-1, ¶¶ 20, 23), states that, for email delivery of notices and documents to be effective, the notice or document must also be sent to the parties through another channel, such as courier or telex (*see* Doc. 24-2 at 6).

*Hercules Steel. See also World Bus. Paradise, Inc. v. Suntrust Bank*, 403 F. App'x 468, 471 (11th Cir. 2010) (imposing sanctions where a party challenging arbitration did so without evidentiary support or controlling authority to support their position). Therefore, Petitioner's request for attorney's fees and costs will be granted.

### IV.   Conclusion

Accordingly, it is **ORDERED** that Petitioner's Motion for Sanctions (Doc. 23 at 6-7) is **GRANTED**. As a sanction, Respondent shall pay Petitioner's reasonable attorney's fees and costs incurred as a result of the frivolous Counter-Petition to Vacate, in addition to those incurred in prosecuting the instant Motion for Sanctions.

It is **FURTHER ORDERED** that, **within fifteen (15) days of the date of this Order**, Petitioner shall submit an application, with supporting documentation, for the attorney's fees and costs sought pursuant to this Order.

Respondent may file a Response within **fourteen (14) days thereafter**.

**DONE** and **ORDERED** in Orlando, Florida on July 29, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

- 6 -