UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENERFO PTE LTD.,

Petitioner,

v. Case No: 6:26-cv-00055-GAP-NWH

AA7 FOODS AND BEVERAGES LLC,

Respondent.

---

## ORDER

This matter is before the Court on Petitioner's Supplemental Motion on the Amount of Attorney's Fees and Costs. Doc. 42. Respondent filed no Response.[1] *See generally* Dkt. For the reasons set forth below, the Motion will be granted.

### I. Background

This dispute arises from an international arbitration between Petitioner Enerfo PTE LTD. ("Petitioner") and Respondent AA7 Foods and Beverages LLC ("Respondent") before the Refined Sugar Association ("RSA") in London, England, which resulted in an arbitration award in Petitioner's favor (the "Award").

---

[1] Because Respondent has failed to timely respond, the Court treats the Motion as unopposed. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Following the arbitration, Petitioner sought confirmation of the Award in this Court. Doc. 1. Respondent challenged confirmation, prompting Petitioner to seek sanctions under *B.L. Harbert International, LLC v. Hercules Steel Company*, 441 F.3d 905 (11th Cir. 2006). Doc. 20; Doc. 23 at 6-7; Doc. 24.

On July 29, 2026, this Court granted Petitioner's Motion for Sanctions. Doc. 35. The Court determined that Respondent's continued challenge to confirmation, which lacked an objectively reasonable factual or legal basis, constituted the type of post-arbitration litigation that the Eleventh Circuit sought to discourage in *Hercules Steel*. *Id*. Accordingly, the Court determined that Petitioner was entitled to recover the reasonable attorney's fees and costs occasioned by Respondent's sanctionable conduct and directed Petitioner to submit an application, supported by appropriate documentation, establishing the amount sought. *Id.* at 6.

On September 11, 2026, Petitioner filed the instant Supplemental Motion, seeking $20,202.50 in attorney's fees and $2,983.39 in costs.[2] *See* Doc. 42. In support, Petitioner submitted billing records, documentation of the requested expenses, and evidence concerning the attorneys' qualifications and hourly rates. *See* Doc 42-1; Doc. 42-2; Doc. 42-3; Doc. 42-4; Doc. 42-5. And although the Court afforded

[2] On August 7, 2026 and August 31, 2026, Petitioner filed motions for extensions of time to file its application, which the Court granted, respectively, on August 10, 2026 and September 2, 2026. Doc. 37; Doc. 38; Doc. 40; Doc. 41.

Respondent fourteen days to respond to the application, Respondent filed no response. See Doc. 35 at 6; *see generally* Dkt. The matter is now ripe for adjudication.

## II. Analysis

As a threshold matter, because the requested award is imposed as a sanction, any award of attorney's fees and costs must to be limited to "the legal bills that the litigation abuse occasioned." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017). Accordingly, Petitioner may recover only those fees and costs that would have not been incurred but for Respondent's sanctionable conduct. *See* Doc. 35; Doc. 42 at 3. The Court evaluates this request subject to this limitation.

### A. Attorney's Fees

In the Eleventh Circuit, courts use the lodestar approach to determine the amount of attorneys' fees to which a party is entitled. *See Danubis Grp., LLC v. Landmark Am. Ins. Co.*, 685 F. App'x 792, 803 (11th Cir. 2017) (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Under this approach, the starting point "for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman*, 836 F.2d at 1299. The resulting "lodestar" may then be adjusted upward or downward based on relevant considerations, including the results obtained and time and labor required. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. In evaluating a request, the Court is "itself an expert on this question" and "may consider its own knowledge and experience concerning reasonable and proper fees" to "form an independent judgment either with or without the aid of witnesses as to value." *Id*.

Petitioner seeks fees for the services of four attorneys: Craig P. Kalil ("Mr. Kalil"), John E. Cervera ("Mr. Cervera"), Ilana Gucovschi ("Ms. Gucovschi"), and Gabrielle A.C. Thomas ("Ms. Thomas"). In support of its request, Petitioner submits four sets of records: (1) the firm's invoices to Petitioner, with time entries excluded from the request redacted (Doc. 42-3); (2) a list of the requested time entries, organized by task and timekeeper (Doc. 42-1); (3) a second copy of that list, identifying purported objections raised by Respondent during conferral with Petitioner's counsel on September 11, 2026 (Doc. 42-2); and the (4) attorneys' biographies detailing their respective skills and experience (Doc. 42-5). Petitioner also submits a verification from Mr. Kalil, its lead counsel, confirming that the requested rates reflect the rates actually paid by Petitioner. *See* Doc. 42 at 12-13; *see also* Local Rule 7.01(c).

Respondent, for its part, has not substantiated its purported "objections" to the requested fees, despite being placed on notice. *See, e.g.*, Doc. 35; Doc. 42.

Although the parties conferred on September 11, 2026 regarding the fees and costs sought in the instant Motion, Respondent's purported objections consist solely of alternative time estimates for hours attributable to certain tasks, entered in the objections column of Petitioner's list without any accompanying rationale or explanation. *See* Doc. 42 at 10-11; Doc. 42-2. Respondent thereafter filed no Response explaining its position. *See generally* Dkt.

Accordingly, the Court will independently evaluate the reasonableness of the requested rate and hours based on the supporting documentation and its own knowledge and experience. *See Fowler v. Ritz-Carlton Hotel Co., LLC*, No. 3:10-cv-884-J-34JRK, 2015 WL 1001205, at *11 (M.D. Fla. Mar. 6, 2015) (listing cases addressing the consequences of an opposing party's failure to challenge the lodestar with specificity).

**1. Reasonable Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Id.* at 1303. "Although the district court has wide discretion in exercising its judgment on the appropriate fee based

on its own expertise, . . . . a conclusory statement that a fee is reasonable in light of success obtained is generally insufficient." *Id.* at 1304.

Petitioner identifies the "effective blended" hourly rates for the four attorneys as $732.72 for Mr. Kalil, $471.54 for Mr. Cervera, $86.89 for Ms. Gucovschi, and $350 for Ms. Thomas. *Id.* at 5. According to Petitioner, these effective blended rates were calculated by comparing the fees ultimately charged to the client against the hours worked on each entry, including time that was written off, and not billed or written down. Doc. 42 at 5. Petitioner contrasts these effective rates with the attorneys' agreed billing rates at the time of engagement—reflecting the rates that the firm generally charges—which are $975 for Mr. Kalil, $475 for Mr. Cervera, $375 for Ms. Gucovschi, and $350 for Ms. Thomas. *Id.* at 4.

The effective blended rates provide relevant evidence concerning the actual economic cost of the legal services performed. Although these rates do not independently establish the prevailing market rate, they provide a more complete picture of the fees ultimately charged and demonstrate that the requested amounts account for reductions in the firm's standard charges. Notably, the effective rates for Mr. Kalil and Ms. Gucovschi are substantially below their respective standard billing rates, while the effective rates for Mr. Cervera and Ms. Thomas do not exceed their standard rates.

The requested rates are also consistent with rates this Court has recently recognized as reasonable in the Middle District of Florida. In *Florida Virtual School v. K12, Inc.*, this Court approved hourly rates of $850 for senior partners and lead counsel, $575 for senior associates, and $375 for junior associates, for legal services performed in 2023. No. 6:20-cv002354-GAP-LHP, 2026 U.S. Dist. LEXIS 155643, at *17-*19 (M.D. Fla. July 14, 2026). In doing so, the Court recognized that these rates reflected "essentially national market rates," appropriate for a legal market encompassing major metropolitan areas such as Tampa, Jacksonville, and Orlando. *Id.* at *18-*19. And although *Florida Virtual School* involved a substantially different type of litigation, its assessment of the prevailing legal market in this District provides a useful benchmark here.

The nature of the legal services required in this case further supports applying that market benchmark. Unlike an ordinary domestic commercial dispute, this matter involved both domestic and foreign legal issues, including issues arising under the New York Convention and the Federal Arbitration Act, and required consultation and coordination with specialized foreign co-counsel. *See* Doc. 42 at 5. These complexities support consideration of rates more closely aligned with the national market rates recognized in *Florida Virtual School*.

The attorneys' respective experience and responsibilities also support the reasonableness of the requested rates. Specifically, the evidence establishes that Mr.

Kalil's experience and responsibilities are consistent with those of senior partner and lead counsel, Mr. Cervera's experience and responsibilities are consistent with those of a senior associate, and Ms. Gucovschi's and Ms. Thomas's experience and responsibilities are consistent with those of junior associates. *See* Doc. 42-1; Doc. 42-5. The comparison to *Florida Virtual School* is therefore particularly instructive because the rates approved there correspond to the same general levels of seniority and responsibility reflected in the attorneys' respective roles here. Moreover, each of the effective rates requested here falls below the corresponding rates approved in *Florida Virtual School*.

Accordingly, based on the Court's familiarity with prevailing rates in this District, its own experience with the fees and costs ordinarily associated with complex commercial litigation, and the evidence presented, the Court finds that the requested hourly rates are reasonable. Respondent has offered no basis to reach a different conclusion.[3]

**2. Hours Reasonably Expended**

The Court next considers whether the hours expended were reasonable. "Fee counsel should have maintained records to show the time spent on the different

---

[3] Indeed, Petitioner represents that, during the parties' conferral, Respondent's counsel only contested the hourly rates for Mr. Kalil and not the rates of the other three attorneys. *See* Doc. 42 at 11. That selective objection further supports the Court's conclusion that the requested rates are reasonable.

claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "A well-prepared fee petition" should include a summary of its request, "grouping the time entries by the nature of the activity or stage of the case." *Id*. "Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." *Id.* at 1301.

As explained above, Petitioner submitted records identifying the hours expended and the tasks performed by each attorney. *See* Doc. 42-1; Doc. 42-3. The records organize the requested time by task and timekeeper and provide sufficient detail for the Court to evaluate the nature of the work performed and the time devoted to it.

Petitioner also represents that counsel has already applied significant billing reductions and has not sought reimbursement for all hours actually expended. *See* Doc. 42 at 12. Specifically, Mr. Kalil, as lead counsel, represents that he "discounted the billings by significant sums given the amount of work being required in the context of the size of the arbitral award [that the team was] seeking to enforce" and "removed or reduced each charge for a task that [he] believe[d] would be excessive, duplicative, clerical or otherwise unreasonable, including the whole of a law clerk's time, and the entries whose narratives are wholly redacted." *Id.*

These reductions demonstrate that counsel undertook an effort to eliminate excessive or otherwise unnecessary time before submitting the fee request. The Court has also independently reviewed the submitted billing records and determined that the hours claimed were reasonably expended.[4] *See* Doc. 42 at 7-8. And although Respondent provided alternative time estimates for certain tasks during conferral, it offered no explanation or supporting evidence demonstrating why those estimates, rather than the hours documented by Petitioner, are more appropriate. *See* Doc. 42-2.

Accordingly, based on the billing records, counsel's reductions, and the Court's independent review, the Court finds that the hours claimed were reasonably expended and that no further reduction is warranted.

Having determined that both the hourly rates and hours expended are reasonable, the Court finds no basis to adjust the resulting lodestar upward or downward. *See Scelta*, 203 F.Supp.2d 1328 at 1336; *Johnson*, 488 F.2d 714 at 717-19. The Court will therefore award Petitioner $20,202.50 in attorney's fees. *See* Doc. 42-1; Doc. 42 at 2.

---

[4] Petitioner recorded a total of 82.80 hours for this case but claims only 40.0 in its request. *See* Doc. 42 at 7-8.

**B. Costs**

Petitioner also seeks reimbursement of £2,250.00 in costs associated with obtaining proof of the Award's hard-copy delivery from the RSA. *See* Doc. 42 at 8-9. In support, Petitioner submits the RSA's invoice and confirmation of payment. Doc. 42-4. Petitioner further represents that Respondent did not dispute this expense during the parties' conferral. *See* Doc. 42 at 11 ("The only specific monetary agreement we were able to obtain was that the charge by the RSA was not objected to.").

The submitted documentation establishes that the expense was incurred and paid, and Respondent has offered no basis to question its reasonableness. *See id*. Accordingly, the Court awards Petitioner $2,983.39 in costs.[5]

---

[5] Petitioner calculates the conversion of the RSA's £2,250.00 charge using the following rate: £2,250.00 × 1.32595 = $2,983.39. British Pound (GBP) to US Dollar (USD) Exchange Rate History for June 30, 2026, Exchange-Rates.org, https://www.exchange-rates.org/exchange-rate-history/gbp-usd-2026-06-30 (last visited Aug. 26, 2026) (£1 = $1.32595). The Court accepts this calculation.

Petitioner also identifies the following additional expenses incurred after Respondent challenged the Award, which appear on the firm's invoices to Petitioner: $324.34 and $46.30 for computerized research, $10.60 in PACER charges, $36.82 in overnight delivery, and $238.50 in professional services. Doc. 42 at 8; Doc. 42-3. However, because Petitioner expressly limits its request for costs to the RSA charge in its request for relief, the Court will not award these additional expenses. *See* Doc. 42 at 9.

## III. Conclusion

Accordingly, it is **ORDERED** that:

1. Petitioner's Supplemental Motion on the Amount of Attorney's Fees and Costs (Doc. 42) is hereby **GRANTED**. Petitioner is **AWARDED** reasonable attorney's fees and costs in the total amount of $23,185.89 ($20,202.50 for attorney's fees and $2,983.39 for costs), to be paid by Respondent.
2. The Clerk is **DIRECTED** to enter an **AMENDED FINAL JUDGMENT** in favor of Petitioner and against Respondent, incorporating the amounts awarded in the previously entered Judgment (Doc. 29), as well as the additional attorney's fees and costs awarded in this Order.

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2026.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record